Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6697 | **DATE** | 3/8/2011 |
| **CASE TITLE** | 7-Eleven vs. Spear, et al. | | |

**DOCKET ENTRY TEXT**

This matter is before the Court following the Court's March 4, 2011 order [54] (1) issuing a rule to show cause directing Defendants Violet Spear and Vianna, Inc. to appear in Court on March 8, 2011 to show cause why they should not be held in contempt for refusing to comply with the terms of the Court's March 3, 2011 preliminary injunction order [50] and (2) directing Defendants to appear for a civil contempt hearing. For the reasons stated below, on the basis of the testimony at the hearing, the Court finds by clear and convincing evidence that Defendants are in contempt of the Court's March 3 preliminary injunction order. The Court imposes on Defendants a remedial/compensatory sanction in the amount of Plaintiff's reasonable attorneys' fees and costs (if any) in conjunction with the rule to show cause motion and the contempt proceeding. Plaintiff is given until 3/16/2011 to file and serve a document setting forth those fees and costs. Defendants are given until 4/8/2011 to file any response to Plaintiffs' submission of fees and costs. The Court determines that no further remedial or coercive sanction is warranted at this time. Unless one or both parties files by 3/11/2011 a document indicating that the change of possession did *not* occur in the manner discussed and agreed to on the record in open court, the Court will consider Defendants to have purged the contempt.

■[ For further details see text below.]   Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

### I. Background

The Court issued the rule to show cause and set the contempt hearing following its consideration of the written motion of Plaintiff and the oral representations of counsel for Plaintiff and counsel for Defendants at the March 4 hearing on Plaintiff's emergency motion [52], pursuant to which the Court had reason to believe that Defendants were refusing to obey the Court's preliminary injunction order directing Defendants to "immediately surrender possession and control" of the "premises and facilities" as well as the "inventory and proceeds" of the Store that is the subject of this litigation. [See 50 at 15-16 (setting forth the terms of the preliminary injunction).] In particular, it was clear from the statements of counsel and the e-mail correspondence attached to Plaintiff's emergency motion that Plaintiff had undertaken efforts to effectuate the surrender of possession of the Store pursuant to the Court's order and had been advised through defense counsel that Defendants would not comply because they felt the order was unfair.

| STATEMENT |
|---|

On March 8, 2011, Defendant Violet Spear appeared in person at the hearing on her own behalf and as President of Vianna, Inc. The Court heard testimony from Ms. Spear and the comments of counsel on the contempt issue and the issue of how the order would be effectuated in the event that Defendants agreed to come into compliance. In her testimony, Ms. Spear acknowledged that Defendants remained in possession of the Store as of the date and time of the hearing. She also agreed to come into compliance with the Court's order by meeting with representatives of 7-Eleven on Wednesday, March 9 and agreed to remain at the Store as long as they needed her to begin their customary process for taking possession of a store from a franchisee, pursuant to terms that were provided to Ms. Spear by counsel for Plaintiff at the close of the contempt hearing.

**II.     Analysis**

Federal courts have inherent authority to enforce compliance with their lawful orders through civil contempt proceedings and may "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority" in order to coerce compliance and/or compensate the complainant for losses sustained as a result of the contumacy. See *Spallone v. United States*, 493 U.S. 265, 276 (1990); *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001); *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999); 18 U.S.C. § 401(3). A court may hold a party in civil contempt for failure to comply with a court order if (1) the order is clear and unambiguous; (2) proof of non-compliance with the order is clear and convincing. *Dowell*, 257 F.3d at 699. The violation need not have been willful. See, *e.g.*, *Goluba v. School Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995). It is enough that the party has not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *Id*.

As the Seventh Circuit has explained, a contempt fine "is considered civil and remedial if it either 'coerce[s] the defendant into compliance with the court's order, [or] * * * compensate[s] the complainant for losses sustained." *SEC v. McNamee*, 481 F.3d 451, 456 (7th Cir. 2007) (citations omitted). Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy. See *Dowell*, 257 F.3d at 699; *Jones*, 188 F.3d at 738. Coercive sanctions seek to induce future behavior by attempting to coerce a recalcitrant party or witness to comply with an express court directive. See *id.* Where a fine is coercive, and not merely compensatory, it remains civil so long as "the contemnor is afforded an opportunity to purge." *McNamee*, 481 F.3d at 456. "Remedial sanctions, by contrast, are backward-looking and seek to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience." *Dowell*, 257 F.3d at 699; *Jones*, 188 F.3d at 738. A district court has broad discretion to fashion an award of remedial sanctions for contumacious conduct, including by awarding attorneys' fees and/or compensation for actual expenditures of staff time incurred in the successful prosecution of a contempt action. See *South Suburban Housing Center v. Berry*, 186 F.3d 851, 854 (7th Cir. 1999); see also *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855-56 (7th Cir. 2005) (holding that contemnors also may be liable for attorneys' fees in connection with the rule to show cause and contempt proceedings). When considering an appropriate sanction for a party in contempt, the guiding principle is proportionality. See, *e.g.*, *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993). Thus, the more serious the affront or transgression, the more serious the sanction should be.

In this case, the testimony of Ms. Spear establishes that as of today's date, despite the entry of the Court's order five days ago and the efforts of counsel to explain Defendants' options – which did (and do) not include non-compliance – Defendants remain in possession of the Store and its premises, facilities, inventory, and proceeds. Given that undisputed testimony, the Court finds by clear and convincing evidence that Defendants are in contempt of the Court's March 3, 2011 preliminary injunction order, which clearly and unambiguously directed Defendants to "immediately surrender possession and control" of the "premises and facilities" as well as the "inventory and proceeds" of the Store that is the subject of this litigation. [See 50 at 15-16 (setting forth the

| STATEMENT |
|---|

terms of the preliminary injunction).]

In fashioning an appropriate sanction, the Court is guided by the testimony at the hearing, its understanding of the totality of the circumstances, and the principle of proportionality. Because the order was clear and unambiguous and granted relief pursuant to a motion that was fully briefed by the parties, the Court cannot excuse Defendants' refusal to comply immediately with its terms. Plaintiff should not have been required to file a motion for rule to show cause and request a contempt hearing to obtain what it (and the Court) had a right to expect – namely, compliance with a court order. Accordingly, the Court determines that an appropriate remedial/compensatory sanction is the imposition on Defendants of Plaintiff's reasonable attorneys' fees and costs (if any) in conjunction with the rule to show cause motion and the contempt proceeding.

At the same time, giving the benefit of the doubt to Ms. Spear's testimony that, despite her acknowledgment that she did speak with counsel within a day of the entry of the injunction order, she may not have fully understood the import of that order until her appearance at the contempt hearing, the Court determines that no further remedial sanction is warranted. Again taking Ms. Spear at her word that she will comply with the Court's order going forward and will cooperate with the 7-Eleven representatives who will contact her on March 9 to take possession of the Store, the Court determines that no coercive sanction is necessary at this time. The Court anticipates that the change of possession from Defendants to Plaintiff takes place on March 9, as discussed and confirmed by the parties on the record in open court. Unless one or both parties files by 3/11/2011 a document indicating that the change of possession did *not* occur in the manner discussed and agreed to on the record in open court, the Court will consider Defendants to have purged the contempt. Should Ms. Spear not honor her representations in court, Plaintiff may again seek redress, including through a renewed motion for civil contempt.

### III.     Conclusion

For the reasons stated above, the Court finds by clear and convincing evidence that Defendants are in contempt of the Court's March 3, 2011 preliminary injunction order. The Court imposes on Defendants a remedial/compensatory sanction in the amount of Plaintiff's reasonable attorneys' fees and costs (if any) in conjunction with the rule to show cause motion and the contempt proceeding. Plaintiff is given until 3/16/2011 to file and serve a document setting forth those fees and costs. Defendants are given until 4/8/2011 to file any response to Plaintiffs' submission of fees and costs. For the reasons explained above, the Court determines that no further remedial or coercive sanction is warranted at this time. Unless one or both parties files by 3/11/2011 a document indicating that the change of possession did *not* occur in the manner discussed and agreed to on the record in open court, the Court will consider Defendants to have purged the contempt.