# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6697 | **DATE** | 1/24/2012 |
| **CASE TITLE** | 7-Eleven, Inc. vs. Violet Spear, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Plaintiff's motion for rule to show cause [61], denies without prejudice Plaintiff's motion for default judgment as to Defendant Vianna, Inc. [73], and denies Defendant Violet Spear's motion to proceed *in forma pauperis* [80].

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

**I.  Motion for Rule to Show Cause**

On April 12, 2011, the Court held a hearing on Plaintiff's entered and continued motion for rule to show cause [61]. Defendant Violet Spear appeared in response to the rule to show cause. The Court gave Defendants until May 12, 2011, to file a written response to the motion for rule to show cause [61]. Defendants have not filed a response.

Plaintiff has provided ample evidence that Defendants have not complied with the Court's previous orders directing Defendants to turn over the store and certain proceeds and inventory to Plaintiff. This evidence includes video footage of Plaintiff's son-in-law removing money from the safe (while Ms. Spear was nearby) on the day that Plaintiff arrived at the store to conduct the changeover. Defendant Spears has not denied taking the money. This is just one example of Defendants' conduct in blatant disregard of the Court's prior orders directing Defendants to return the store and certain property and proceeds to Plaintiff. Defendants have violated the Court's orders setting forth in specific detail the unequivocal commands from the Court to do or refrain from doing specific acts. And in failing to file a response, after the hearing at which Defendants requested, and were granted, more time to respond in writing to the allegations, Defendants have failed to show cause why they should not be held in contempt of Court for refusing to comply with the express terms of the preliminary injunction order entered on March 3, 2011, as well as the Court's orders of March 4 and March 8, 2011. Therefore, the Court grants Plaintiff's motion for rule to show cause why Violet Spear and Vianna, Inc. should not be held in contempt and sanctioned [61]. As the Court previously has noted, given the relatively small amount taken from the safe relative to the much larger amounts sought by Plaintiff on the merits of the case, it remains to be seen whether Plaintiff intends to prosecute a contempt motion. In any event, if Plaintiff wishes to pursue sanctions and attorneys fees in connection with the motion for rule to show cause, it may do so.

**STATEMENT**

**II.     Default Judgment**

On May 6, 2011, the Court entered an order of default against Defendant Vianna, Inc. Plaintiff then filed a motion for default judgment [73] as to Defendant Vianna. The Court denies without prejudice the motion for default judgment. At this time, it is unclear whether the entry of a default judgment against Vianna, Inc. Prior to the disposition of the claims against Defendant Violet Spear would run afoul of the rule set forth in the Supreme Court's decision in *Frow v. De La Vega*, 82 U.S. 552 (1872). See also *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 811-12 (7th Cir. 1987). The Court notes that Plaintiff plans to file a dispositive motion as to Defendant Violet Spear on or before February 3, 2012. After the Court rules on Plaintiff's dispositive motion, the Court will have a better understanding of the issues at play in this case related to joint and several liability, and Plaintiff then may re-file its motion for default judgment against Defendant Vianna if it so chooses.

**III.    Motion to Proceed *In Forma Pauperis***

Defendant Spear has filed a motion to proceed *in forma pauperis* [80]. Violet Spear is one of two defendants in this matter and all of her counterclaims have been dismissed. By way of background, she previously had retained counsel, who sought to withdraw after Spear told him that she did not intend to abide by the Court's injunction despite counsel's advice to the contrary and explanation of the potential ramifications of failing to comply with the injunction. After her counsel was granted leave to withdraw, she submitted an *in forma pauperis* application that attested the following: (1) from March 14, 2008 through March 9, 2011, she received monthly salary or wages totaling $4,000.00 per month; (2) her husband receives $1,050.00 per month in wages; and (3) her husband owns a condo in Chicago's Gold Coast worth, the current value of which is $350,000. For every other question on the application, she marked either "no" or "none." Specifically, she stated that he was not currently employed, denied receiving more than $200 in the last twelve months from any other source, including wages, self-employment, rental income, or gifts, and stated that no one else living with her (aside from her husband) had received more than $200 in the past twelve months. She attested that she did not own any stocks, bonds, securities, or other financial instruments, and she denied that she or anyone living with her owned automobiles worth more than $1000 or other personal property worth more than $1000.

"The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane*, 2003 WL 22902561, at *2 (N.D. Ill. 2003) (citing *Denton v. Hernandez,* 504 U.S. 25, 27 (1992)). In reviewing a person's ability to pay court costs, the Court seeks a whole host of information, including the following: whether the applicant is incarcerated, employed or married; whether the applicant or anyone living in his/her residence has received more than $200 from any of various sources in the previous twelve months, or if the applicant or cohabitant has more than $200 in cash or in a bank account, or any stocks, bonds or securities; whether the applicant or anyone living with the applicant owns any real estate, automobile, boat/trailer/mobile home; and whether the applicant has any dependents.

Defendant Spear's IFP application stands in stark contrast to her franchise application, which was submitted as an exhibit and considered in ruling on Plaintiff's motion for a preliminary injunction. In her franchise application, she represented that, as of October 8, 2007, she had $300,000 in cash on hand and in banks, had a net worth of $1,865,000, and had an annual investment income of nearly $400,000. She also claimed thirty years of experience and successes in the hospitality industry. Given these representations, the representations in her IFP application are difficult to take at face value and in fact cannot be reconciled with other record evidence at this juncture. If Defendant Spears wishes to explain the discrepancies between her IFP application and her franchise application, she may do so, but any subsequent IFP applications must contain a detailed explanation regarding what happened to the various resources at her disposal four years ago. Without further explanation

**STATEMENT**

of how her prior financial situation devolved into her current one, Court will not consider any subsequent application. Furthermore, the Court cautions Defendant Spears that courts have sanctioned applicants with monetary penalties for misrepresentations on an IFP application. See *McRoyal v. Commonweath Edison Co.*, 2007 WL 164221, at *2 (N.D. Ill. Jan. 17, 2007). For these reasons, the Court denies without prejudice Defendant Spears' motion to proceed *in forma pauperis* [80].

Furthermore, to the extent that Defendant was seeking the appointment of counsel by way of her IFP application, her request is denied. First, the Court has not determined that Defendant's financial situation warrants IFP status. Second, although Defendant checked the box on the IFP application that indicates that her IFP application is in support of her motion for appointment of counsel, she did not submit a separate motion for appointment of counsel, listing all of the efforts she has made to secure counsel on her own, as required in this district. And finally, Defendant's previous counsel withdrew at least in part because Defendant refused to abide by the Court's orders. For all of these reasons, appointment of counsel would not be appropriate in this case.